Ketan S. Vakil (#191043)
kvakil@swlaw.com
Jeffrey M. Singletary (#233528)
jsingletary@swlaw.com
Anthony J. Carucci (#301923)
acarucci@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Plaintiff
Prestige Autotech Corporation

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTIGE AUTOTECH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TIRE & WHEEL MASTER, INC., dba TIRE & WHEEL MASTER WHOLESALE DISTRIBUTOR; TIRE & WHEEL MASTER, LLC, dba TIRE & WHEEL MASTER WHOLESALE DISTRIBUTOR; and USA WHEEL & TIRE OUTLET, INC.,<br><br>Defendants. | Case No.<br><br>**Prestige Autotech Corporation's Complaint for Patent Infringement**<br><br>**Demand for Jury Trial** |

Plaintiff Prestige Autotech Corporation ("Prestige") hereby alleges as follows:

## **JURISDICTION**

1. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES

2. Plaintiff Prestige is now, and at all relevant times was a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Chino, California.

3. Upon information and belief, defendant Tire & Wheel Master, Inc., dba Tire & Wheel Master Wholesale Distributor is now, and at all relevant times was a corporation organized and existing under the laws of California, with its principal place of business in Stockton, California.

4. Upon information and belief, defendant Tire & Wheel Master, LLC, dba Tire & Wheel Master Wholesale Distributor is now, and at all relevant times was a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Stockton, California. Tire & Wheel Master, Inc., and Tire & Wheel Master, LLC, are collectively referred to herein as "TWM".

5. Upon information and belief, defendant USA Wheel & Tire Outlet, Inc., a Texas corporation ("USA Wheel") (together with TWM, "Defendants"), is now, and at all relevant times was a corporation organized and existing under the laws of Texas, with its principal place of business in Mesquite, Texas.

## VENUE

6. This Court has personal jurisdiction over TWM because, on information and belief, TWM's principal place of business is located in this judicial district and TWM has committed acts within this judicial district giving rise to this action.

7. This Court has personal jurisdiction over USA Wheel because, on information and belief, USA Wheel regularly and systematically engages in business in the State of California, including business related to the subject matter of this action. Indeed, on information and belief, USA Wheel has had an extensive and continuous commercial relationship with TWM, a California corporation engaged in business in this judicial district.

SNELL & WILMER
ATTORNEYS AT LAW
ORANGE COUNTY

24304784

- 2 -

PRESTIGE AUTOTECH CORPORATION'S
COMPLAINT FOR PATENT INFRINGEMENT

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## PRESTIGE HAS EXCLUSIVE PATENT RIGHTS IN THE WHEEL DESIGN

9. Prestige is the exclusive assignee and owner, by assignment from inventor Chan Gordon, of all rights, title and interest in and to:

    a. U.S. Patent No. D691,542S ("the '542 patent"), issued October 15, 2013, and which is subsisting. A true and correct copy of the '542 patent is attached hereto as Exhibit 1.

    b. U.S. Patent No. D702,174S ("the '174 patent"), issued April 8, 2014, and which is subsisting. A true and correct copy of the '174 patent is attached hereto as Exhibit 2.

## DEFENDANTS WILLFULLY, INTENTIONALLY, AND MALICIOUSLY IMITATED THE '542 PATENT AND THE '174 PATENT

10. Defendants, their agents, employees and representatives, are aware of Prestige's enviable reputation and goodwill in the '542 patent and the '174 patent.

11. Defendants are willfully, intentionally, and maliciously selling wheels bearing knock-offs of the '542 patent and the '174 patent. Prestige is informed and believes and thereon alleges that Defendants sell the infringing designs (sometimes referred to as "Imitations") through the same channels of trade as Prestige, including through retailers to consumers in California.

///

///

///

///

SNELL & WILMER
ATTORNEYS AT LAW
ORANGE COUNTY

24304784

- 3 -

PRESTIGE AUTOTECH CORPORATION'S
COMPLAINT FOR PATENT INFRINGEMENT

12. Below is a comparison of the '542 patent and Defendant's Imitation:

The '542 Patent                    Defendant's Imitation

  

13. Below is a comparison of the '174 patent and Defendant's Imitation:

The '174 Patent                    Defendant's Imitation

  

14. Defendants have distributed and sold, and will continue to distribute and sell, the Imitations unless enjoined by this Court.

///

///

SNELL & WILMER
ATTORNEYS AT LAW
ORANGE COUNTY

24304784

- 4 -

PRESTIGE AUTOTECH CORPORATION'S
COMPLAINT FOR PATENT INFRINGEMENT

## COUNT I – INFRINGEMENT OF THE '542 PATENT

15. Prestige re-alleges and incorporates the allegations of all prior paragraphs of this Complaint as if set forth in their entirety herein.

16. Prestige is the exclusive owner of all rights, title and interest in and to the '542 patent, which was duly and legally issued by the United States Patent and Trademark Office on October 15, 2013. *See* Exhibit 1.

17. Upon information and belief, Defendants have infringed and are continuing to infringe on the '542 patent under 35 U.S.C. § 271(a), (b), and/or (c). The infringing activities include, but are not limited to, the manufacture, use, sale, importation, or offer for sale, without authority, of the Imitations.

18. Prestige has no adequate remedy at law for Defendants' acts of infringement.

19. As a direct and proximate result of Defendants' acts of infringement, Prestige has suffered and continues to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Prestige will continue to be damaged and irreparably harmed.

## COUNT II – INFRINGEMENT OF THE '174 PATENT

20. Prestige re-alleges and incorporates the allegations of all prior paragraphs of this Complaint as if set forth in their entirety herein.

21. Prestige is the exclusive owner of all rights, title and interest in and to the '174 patent, which was duly and legally issued by the United States Patent and Trademark Office on April 8, 2014. *See* Exhibit 2.

22. Upon information and belief, Defendants have infringed and are continuing to infringe on the '174 patent under 35 U.S.C. § 271(a), (b), and/or (c). The infringing activities include, but are not limited to, the manufacture, use, sale, importation, or offer for sale, without authority, of the Imitations.

23. Prestige has no adequate remedy at law for Defendants' acts of infringement.

SNELL & WILMER
ATTORNEYS AT LAW
ORANGE COUNTY

24304784

- 5 -

PRESTIGE AUTOTECH CORPORATION'S
COMPLAINT FOR PATENT INFRINGEMENT

24. As a direct and proximate result of Defendants' acts of infringement, Prestige has suffered and continues to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Prestige will continue to be damaged and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Prestige prays for relief as follows:

1. A judgment that Defendants have infringed the '542 patent and the '174 patent;

2. A judgment that Defendants' infringement of the '542 patent and the '174 patent was willful, intentional, and malicious;

3. An award of damages to compensate Prestige for Defendants' wrongful infringement of the '542 patent and the '174 patent, together with pre- and post-judgment interest;

4. An award of increased damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest and costs;

5. That Defendants, and each of their agents, servants, employees, attorneys, successors and assigns and all person in active concert or participation be enjoined and restrained preliminarily and perpetually and permanently from further infringing the '542 patent and the '174 patent;

6. That the Court declare this case to be an exceptional case and award Prestige its attorneys' fees pursuant to 35 U.S.C. § 285;

7. That all patent damages against Defendants be trebled on the basis of Defendants' willful infringement of the '542 patent and the '174 patent;

8. An award of attorneys' fees, costs, and expenses incurred by Prestige in bringing this action, together with pre- and post-judgment interest; and

9. An award of such other and further relief as the Court deems just and proper.

SNELL & WILMER
ATTORNEYS AT LAW
ORANGE COUNTY

24304784

- 6 -

PRESTIGE AUTOTECH CORPORATION'S
COMPLAINT FOR PATENT INFRINGEMENT

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38 and 39, Prestige demands a trial by jury on all issues so triable.

Dated: June 20, 2016                                SNELL & WILMER L.L.P.


By: /s/ Anthony J. Carucci
    Ketan S. Vakil
    Jeffrey M. Singletary
    Anthony J. Carucci

Attorneys for Plaintiff
Prestige Autotech Corporation

- 7 -

PRESTIGE AUTOTECH CORPORATION'S
COMPLAINT FOR PATENT INFRINGEMENT

SNELL & WILMER
ATTORNEYS AT LAW
ORANGE COUNTY

24304784